| | | |
|---|---|---|
| SHANNON SULTON<br>c/o Breon Lamar Johnson<br>One South Street, Suite 2125<br>Baltimore, Maryland 21202 | * * * * * | IN THE<br>CIRCUIT COURT<br>FOR |
| SHELIA SMITH<br>c/o Breon Lamar Johnson<br>One South Street, Suite 2125<br>Baltimore, Maryland 21202 | * * * * * | BALTIMORE COUNTY<br>CASE NO. C-18-6268 |
| Plaintiffs,<br>v. | * * * | |
| BALTIMORE COUNTY<br>Baltimore County Office of Law<br>Baltimore County Historic Courthouse<br>400 Washington Avenue, #201<br>Towson, Maryland 21204 | * * * * * * | |
| and | * * | |
| OFFICER SHENELL WILKES<br>Baltimore County Office of Law<br>Baltimore County Historic Courthouse<br>400 Washington Avenue, #201<br>Towson, Maryland 21204 | * * * * * * | |
| and | * * | |
| OFFICER JONTHAN BESAW<br>Baltimore County Office of Law<br>Baltimore County Historic Courthouse<br>400 Washington Avenue, #201<br>Towson, Maryland 21204 | * * * * * * | |
| and | * * | |
| OFFICER SHANNON STARGEL<br>Baltimore County Office of Law<br>Baltimore County Historic Courthouse<br>400 Washington Avenue, #201<br>Towson, Maryland 21204 | * * * * * * | |

*******************************************************************

1

## COMPLAINT FOR WRONGFUL DEATH AND DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiff, Shannon Sulton (hereinafter, referred to as "Ms. Sulton"), Mother of Nia S. McCain, Kai Andy McCain, and Saniya McCain (hereinafter, collectively, referred to as "the McCain Children"), by and through their attorney, Breon L. Johnson, and The Law Office of Breon L. Johnson, LLC, and pursuant to Maryland Rule 2-101 *et seq.*, files this Complaint against Defendants Baltimore County, Officer Shenell Wilkes, in her personal and official capacity, Officer Jonathan Besaw, in his personal and official capacity, Officer Shannon Stargel, in her personal and official capacity, and as grounds respectfully represents unto this Honorable Court:

## JURISDICTION, VENUE & PARTIES

1. That this is an action for a wrongful death claim pursuant to §§3-901 through 3-904 of the Courts and Judicial Proceedings Article of the Maryland Code Annotated and Maryland Rule 15-1001.

2. That Ms. Sulton and the McCain Children were at all times herein mentioned were, a citizen of the State of Maryland and a Resident of Baltimore City. Ms. Sulton is the surviving parent of the McCain Children. The Children's father, Spencer McCain, deceased, had no other surviving issue. The McCain Children are primary beneficaries in this action pursuant to §3-904(a) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

3. That Spencer McCain is also survived by his Mother, Shelia Smith , who is also a primary beneficiary in this action purusant to §3-904(a) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

2

4. That Defendant Officer Shenell Wilkes was employed with the Baltimore County Police Department, when the relevant events occurred. She is sued in his individual and official capacities.

5. That Defendant Officer Shannon Stargel was employed with the Baltimore County Police Department, when the relevant events occurred. She is sued in his individual and official capacities.

6. That Defendant Officer Jonathan Besaw was employed with the Baltimore County Police Department, when the relevant events occurred. She is sued in his individual and official capacities.

7. That Defendant Baltimore County is a municipality and the public employer of Officers Wilkes, Besaw, and Stargel.

8. That all incidents leading to the wrongful death of the Decedent and resulting in compensable injury occurred in Baltimore County, Maryland at 3042 Hunting Ridge Drive, Owings Mills, Maryland 21117 (hereinafter, referred to as the "McCain Residence").

## ADMINISTRATIVE PREREQUISITES

9. That the Plaintiff realleges and incorporates herein by reference all of the allegations contained in the preceding paragraphs.

10. That a Notice of Claim was submitted to the Office of Law for Baltimore County.

11. That the Office of Law for Baltimore County acknowledged receipt of the Notice of Claim form.

12. That the Office of Law for Baltimore County has either denied liability or One Hundred Eighty (180) days have elapsed since the submission of the Notice of Claim.

## FACTS CENTRAL TO PLAINTIFF'S CLAIM

13. That the Plaintiff realleges and incorporates herein by reference all of the allegations contained in the preceding paragraphs.

14. That on June 25, 2015, Officers Wilkes, Besaw, and Stargel responded to the McCain Residence as a resulted of multiple 911 emergency calls regarding a domestic disturbance at the location.

15. That Officers Wilkes, Besaw, and Stargel, as well as, their local precinct, were aware of the McCain Residence due to prior domestic disturbances, which occurred at the location.

16. That specifically, Officers Wilkes, Besaw, and Stargel had knowledge of the fact that Spencer McCain, the male living in the McCain Residence, was suffering from several mental illnesses.

17. That in fact, several of the 911 emergency calls that prompted the Officers' response indicated that Mr. McCain suffered from mental illness. Many of the callers, who were included neighbors, referenced various incidents, where Mr. McCain displayed his mental illness and how it manifested itself.

## COUNT I – ASSAULT

18. That the Plaintiffs realleges and incorporated by reference all of the allegations contained in the preceding paragraphs.

19. That upon entry into the McCain Residence, Officers Wilkes, Besaw, and Stargel or some combination of the three, opened fire, striking Mr. Spencer McCain, multiple times, causing his untimely death.

20. That the Officers use of lethal force under the circumstances was unreasonable. The Officers were aware of a domestic disturbance involving a mentally ill man.

4

21. That furthermore, the Officers had no basis for using lethal force at all.

22. That all of these events occurred while three (3) other individuals were in the home; namely, Ms. Shannon Sulton, the Mother of Spencer McCain's Children, and two of their minor children.

## COUNT II – DEPRIVATION OF RIGHTS UNDER 42 U.S.C.A. § 1983

23. That the Plaintiffs reallege and incorporate herein by reference all of the allegations contained in the preceding paragraphs.

24. The actions of Defendants deprived Spencer McCain of rights and privileges secured and protected by the United States Constitution, specifically the Fourth Amendment right to be free from excessive use of force against a plaintiff's person during the course of an arrest, freedom from unreasonable searches and seizures, freedom from a deprivation of life and liberty without due process of law, and freedom from summary punishment.

## COUNT III – DEPRIVATION OF RIGHTS UNDER THE MARYLAND DECLARATION OF RIGHTS

### (Article 24: Due Process; Article 26: Unwanted searches and seizures)

25. That the Plaintiffs reallege and incorporate herein by reference all of the allegations contained in the preceding paragraphs.

26. That for the reasons discussed above, the Defendants have also violated the protections, privileges, and rights granted to the Spencer McCain under the laws of the State of Maryland.

## COUNT IV – DEPRIVATION OF RIGHTS UNDER 42 U.S.C.A. § 1983

27. That the Plaintiffs reallege and incorporate herein by reference all of the allegations contained in the preceding paragraphs.

28. That on the dates described above, the Baltimore County Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Baltimore County, which caused the violation of Spencer McCain's rights.

29. That it was the policy and/or custom of Baltimore County Police Department to fail to exercise reasonable care in hiring its police officers, thereby failing to adequately prevent constitutional violations on the part of its police officers.

30. That it was the policy and/or custom of the Baltimore Police Department to inadequately supervise and train its police officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

31. That as a result of the above described policies and customs, police officers of Baltimore County believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

32. That the above described policies and customs demonstrate a deliberate indifference on the part of Baltimore County to the constitutional rights of persons within the Baltimore County, and were the cause of the violations of Plaintiff's rights alleged herein.

## COUNT V – RESPONDEAT SUPERIOR

33. That the Plaintiffs reallege and incorporate herein by reference all of the allegations contained in the preceding paragraphs.

34. That Baltimore County has failed to properly train its Officers on the use of excessive and/or lethal force. In particular, Baltimore County has failed to provide training to its Officers on the use of excessive and/or lethal force, while interacting with suspects with mental illness.

35. That Baltimore County is liable for the assault and deprivation of civil rights, described above, committed against Spencer McCain by Defendants. Baltimore County employed the officers, who committed the torts while acting in the scope of their employment.

## COUNT VI – WRONGFUL DEATH

36. That the Plaintiff realleges and incorporated by reference all of the allegations contained in the preceding paragraphs.

37. That the death of Spencer McCain was caused by the negligent use of excessive and/or lethal force. Plaintiff further allege that medical aid to Spencer McCain was delayed by the Officers. Said delay may have been due to the fact, that they already considered Spencer McCain, deceased.

38. That §§3-904 of the Courts and Judicial Proceedings Article of the Maryland Code Annotated defines the terms for a wrongful death action.

39. That according to said section, an action under this subtitle shall be for the benefit of the wife, husband, parent, and child of the deceased person.

40. That according to subsection (e) of the aforementioned section, for the death of a child, who is not described under subsection (d) of this section, or a parent of a child, who is not a minor child, the damages awarded under subsection (c) of this section are not limited or restricted by the "pecuniary loss" or "pecuniary benefit" rule but may include damages for mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, care, attention, advice, counsel, training, education, or guidance where applicable.

## COUNT VII – SURVIVAL ACTION

41. That the Plaintiff realleges and incorporated by reference all of the allegations contained in the preceding paragraphs.

7

42. That as a direct and proximate result of the Defendants' actions against the Decedent, Decedent sustained extreme pain, suffering, and mental distress between the time of the incident and the time of his death.

WHEREFORE, Plaintiff requests that Defendant be cited to appear in this action, and that after trial by jury, a judgment be entered granting plaintiffs the following relief:

1. Actual damages according to proof;

2. Punitive damages according to proof;

3. Mental anguish damages according to proof;

4. Pre-judgment and post-judgment interest at the legal rate;

5. Reasonable attorney's fees and costs of court; and

6. Such other and further relief, to which Plaintiff is justly entitled.

### DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury on all counts.

_____
Breon Lamar Johnson
The Law Office of Breon L. Johnson
P.O. Box 72158
Rosedale, Maryland 21237
main@bljohnsonlegal.com
443-710-7474/telephone
443-836-0793/facsimile
Counsel to Plaintiff