**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**CHAMBERS OF**
**STEPHANIE A. GALLAGHER**
**UNITED STATES DISTRICT JUDGE**
**MDD_SAGchambers@mdd.uscourts.gov**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**

October 8, 2020

LETTER MEMORANDUM

      Re:  <u>Sulton, *et al.* v. Baltimore County, *et al.*</u>
          Civil Case No. SAG-18-2864

Dear Counsel:

      I have reviewed Plaintiffs' Motion for Leave to File First Amended Complaint, ECF 32, and Defendants' Opposition, ECF 36. No reply was filed, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons addressed herein, Plaintiffs' Motion will be granted.

      This case, which alleges claims relating to the wrongful death of Spencer McCain in 2015, presents a highly unusual set of facts. Plaintiffs' Complaint was filed in the Circuit Court for Baltimore County on June 25, 2018, the last date before the three-year statute of limitations would expire, by an attorney named Breon Johnson, Esq. ECF 1-3. Defendants removed the case to this Court, and filed an answer on December 3, 2018. ECF 1, 10. By approximately May, 2019 at the latest, Plaintiffs' counsel essentially disappeared, and stopped responding to court filings, discovery requests, or contacts from Defendants' counsel. *See* ECF 36 at 1-2. In August of 2019, in an unrelated case, the Attorney Grievance Commission of Maryland filed a Petition for the Appointment of a Conservator of the Client Matters of Mr. Johnson, and the petition was granted by the state court. *See* Baltimore County Circuit Court Case No. C-03-CV-19-002717.

      Defendants' Counsel, and this Court, first learned of the situation involving Mr. Johnson in late September or early October, 2019. The Court issued a series of stays and show cause orders to allow Plaintiffs an opportunity to find new counsel, though its efforts were impeded by the fact that the Court did not have valid address information (or other contact information) for Plaintiffs. On June 3, 2020, Plaintiffs' present counsel, Anton L. Iamele, Esq., entered his appearance, and he subsequently appeared at a telephonic show cause hearing. Eventually, the Court granted Plaintiffs leave to file a motion for leave to amend the Complaint on or before August 23, 2020, ECF 31, and Plaintiffs timely filed the instant motion.

      Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (footnote omitted) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately,

Sulton, et al. v. Baltimore County, et al.
Civil Case No. SAG-18-2864
October 8, 2020
Page 2

the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

Defendants oppose amendment here on three primary grounds: (1) Plaintiffs failed to exercise reasonable diligence in the prosecution of their case; (2) Defendants will be prejudiced by the amendment; and (3) the proposed amendment adds entirely new plaintiffs, as to whom the statute of limitations has expired. ECF 36 at 5-10. The first contention is neither factually nor legally supported. The record before the Court does not establish whether Plaintiffs failed to investigate the status of their case, or whether they, like Defendants' counsel and to some extent the Court, were simply unable to reach Mr. Johnson due to his inability to continue his practice. It is also unclear whether the decision to file this case on the last day before limitations expired is attributable to Plaintiffs themselves, or to Mr. Johnson, who was at best just months away from the serious personal difficulties he later experienced. Finally, the Court cannot ascertain whether the inaccurate contact information in the Court's records derived from Plaintiffs or from Mr. Johnson. Ultimately, even if Plaintiffs could have been more diligent in communicating with the Court when they were unable to reach their attorney, the Court does not see any evidence of "bad faith" on the part of Plaintiffs that would warrant denial of leave to amend.

The second argument, prejudice, is similarly unavailing. Defendants contend that the amendment will require them to "completely redraft their Answer." ECF 36 at 7. This Court's careful review of the proposed amended complaint, as compared to the original complaint, reveals significant additions to the factual allegations, but little change to the substantive counts and legal theories asserted. Defendants argue that amendment "would completely reset the clock on the entire case," *id.*, but that contention disregards the fact that this case has never gotten off the ground, as a result of the unfortunate situation involving Mr. Johnson. Even if amendment were not permitted, this Court would issue an entirely new scheduling order to grant an opportunity for new counsel to respond to discovery, and to propound discovery of his own. The clock, therefore, has not truly started running, and is not subject to being reset. Other than the minor inconvenience of needing to respond to new factual allegations in an amended answer, no prejudice will accrue to Defendants as a result of the amendment, other than that which had already accrued as a result of the highly unusual circumstances in this case.

Finally, Defendants correctly note that the Amended Complaint seeks to name "The Estate of Spencer McCain by personal representative Milton Keene" as a plaintiff, and changes the caption from naming "Shannon Sulton" as an individual plaintiff to identifying "Shannon Sulton as Mother and Next Friend of" the three minor children of the decedent. These changes do not truly add new claims or new plaintiffs to this action. The original Complaint filed by Mr. Johnson, while inartfully drafted to say the least, included a survival action at Count VII. *See* Md. Code Ann., Est. & Trusts 7-401(y) (noting that a personal representative of an estate is the proper party to bring a survival action). It also indicated that Shannon Sulton was a plaintiff because she was the mother "of the McCain Children," and noted that "the McCain Children are primary beneficiaries in this action pursuant to 3-904 (a) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland." ECF 1-3 at ¶ 2. Thus, the substance of the Plaintiffs' claims was included in the original Complaint, despite the omission of certain Plaintiffs' names from the

Sulton, et al. v. Baltimore County, et al.
Civil Case No. SAG-18-2864
October 8, 2020
Page 3

case caption. Their claims, therefore, are not time-barred. *See, e.g.*, *Chang-Williams v. Dep't of the Navy*, 766 F. Supp. 2d 604, 630 (D. Md. 2011) (holding that the statute of limitations did not bar the addition of plaintiffs, where the defendants were fully apprised of a claim arising out of conduct alleged in the original complaint and had not demonstrated any prejudice from the plaintiffs' addition of the new plaintiffs); 6A Arthur R. Miller, et al., Federal Practice and Procedure § 1501 (3d ed. 2014) ("As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, defendant's ability to protect itself will not be prejudicially affected if a new plaintiff is added, and defendant should not be permitted to invoke a limitations defense. This seems particularly sound inasmuch as the courts will require the scope of the amended pleading to stay within the ambit of the conduct, transaction, or occurrence set forth in the original pleading." (footnote omitted)).

       For these reasons, the Court will exercise its discretion to grant Plaintiffs leave to file their proposed Amended Complaint. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

       Sincerely yours,

       /s/

       Stephanie A. Gallagher
       United States District Judge