IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DISTRICT)

| | |
|---|---|
| SHANNON SULTON, ET AL. | * |
| *Plaintiff* | * |
| v. | * |
| BALTIMROE COUNTY, MARYLAND, ET AL. | * |
| *Defendant* | * Civil Case No.: 1:18-CV-02864-SAG |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS**

NOW COME the Plaintiffs to this action, by and through their undersigned counsel, Anton L. Iamele and IAMELE & IAMELE, LLP, who hereby oppose Defendants' Motion to Dismiss. In support of this Opposition, Plaintiffs assert that the Motion to Dismiss should be disallowed as untimely; incorporate their simultaneously filed Motion for Leave to File a Second Amended Complaint and proposed Second Amended Complaint; and respectfully assert that they have set forth sufficient factual allegations to make a plausible showing that their claims are valid. Plaintiff states further in support of this opposition:

**I.    Introduction and Procedural History**

This case concerns the June 25, 2015 police involved shooting death of Spencer McCain. It was initiated by prior counsel in the Baltimore County Circuit Court on June 25, 2018. The original Complaint included the following causes of action: Count I – Assault; Count II – Deprivation of Rights Under 42 U.S.C.A. § 1983; Count III – Deprivation of Rights Under the Maryland Declaration of Rights; Count IV – Deprivation of Rights under 42 U.S.C.A. § 1983 (*Monell* Claim); Count V – Respondeat Superior; Count VI – Wrongful Death; and Count VII – Survival Action.

On September 14, 2018, the Defendants removed this case from Baltimore County Circuit Court to this Honorable Court on the basis of federal question jurisdiction. On October 11, 2018, Judge Ellen Hollander issued an Order directing Baltimore County to file an Answer to the suit. (ECF 8) On November 15, 2018, Judge Hollander noted that "Baltimore County and counsel for the parties [had] not complied with the [first] Order" and directed Baltimore County to "respond to the suit" by December 1, 2018. (ECF 9) On December 3, 2018, Defendants Shenell Wilkes, Jonathan Besaw, Shannon Stargel and Baltimore County answered the Original Complaint rather than filing a Motion to Dismiss. (ECF 10).

On June 4, 2020, the undersigned entered his appearance in this matter. (ECF 27)

On August 20, 2020, the undersigned filed a Motion for Leave to File Plaintiff's First Amended Complaint and a proposed First Amended Complaint. (ECF 32) On October 8, 2020, this Honorable Court issued an Order granting Plaintiff's Motion for Leave and directing the court to accept Plaintiff's First Amended Complaint for filing. (ECF 38) In the corresponding Memorandum, it was noted that "[t]his Court's careful review of the proposed amended complaint, as compared to the original complaint, reveals significant additions to the factual allegations, but little change to the substantive counts and legal theories asserted." (ECF 37) The allowed Amend Complaint included the following causes of: Count I –Deprivation of Rights Under 42 U.S.C.A. § 1983; Count II – Deprivation of Rights Under the Maryland Declaration of Rights; Count III – Deprivation of Rights under 42 U.S.C.A. § 1983 (*Monell* Claim); Count IV – Wrongful Death; and Count V – Survival Action.

On November 23, 2020, Defendants filed their "Motion to Dismiss Plaintiff's Amended Complaint." In response, Plaintiffs have filed a Motion for Leave to file a Second Amended

2

Complaint and a proposed Second Amended Complaint in conjunction this opposition. Both pleadings are fully incorporated by reference herein.

## II. Argument

### A. Defendant's Motion to Dismiss is Untimely

If a defense is asserted in a motion to dismiss under Rule 12(b)(6), the motion must be lodged before an answer. FRCP 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). A post-answer motion to dismiss for failure to state a claim would be untimely. *See S. Pac. Transp. Co. v. Nat'l Molasses Co.*, 540 F.2d 213 (5th Cir.1976). *Accord Westcott v. City of Omaha*, 901 F.2d 1486 (8th Cir.1990); *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1474 (9th Cir.1988); and *Bechtel v. Liberty Nat'l Bank*, 534 F.2d 1335, 1341 (9th Cir.1976). However, the right to assert the defense in a motion to dismiss may be "revived" after an amendment to a complaint.

In *Rowley v. McMillan*, 502 F.2d 1326, 1332-33 (4th Cir. 1974) the Fourth Circuit refused to permit a Defendant to "revive" a waivable defense simply because the plaintiff had been amended the controlling complaint. The *Rowley* court reasoned as follows:

> [A]n amendment to the pleadings permits the responding pleader to assert only such of those defenses which may be presented in a motion under Rule 12 as were not available at the time of his response to the initial pleading. An unasserted defense available at the time of response to an initial pleading may not be asserted when the initial pleading is amended.

*Rowley*, 502 F. 2d at 1333. *See also Maxtena, Inc v. Marks,* 2012 WL 113386 (D.MD. 2012); and *Lanehart v. Devine*, 102 F.R.D. 592, 594 (D. Md. 1984).

Plaintiffs' Amended Complaint had not altered the substance of Plaintiffs' originally plead causes of action, nor has it added any newly plead causes of action to this case. As recognized by this Honorable Court, the Amended Complaint contained "significant additions to

3

the factual allegations, but little change to the substantive counts and legal theories asserted."(ECF 37) Accordingly, the defenses asserted by way of Defendants' pending Motion to Dismiss were available when they answered Plaintiffs' Original Complaint on December 3, 2018. (ECF 10) Because the defenses were not asserted at the time of Defendants' primary answer, they cannot be timely filed now.

The basis of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint were available at the time they filed their Answer to the Plaintiff's Original Complaint in December 2018. As such, Plaintiff's Amendment of the Original Complaint does not "revive" Defendant's waivable defenses. Therefore, Defendant's Motion to Dismiss Plaintiff's Amended Complaint must be denied.

**B. Defendant's Motion to Dismiss will be rendered moot if Plaintiffs are permitted file a Second Amended Complaint.**

In conjunction with the instant filing, Plaintiffs have filed a Motion for Leave to File a Second Amended Complaint which is incorporated herein. By way of the proposed Amended Complaint, Plaintiffs seek to include additional factual averments that address the deficiencies alleged in Defendants' Motion to Dismiss. To the extent that this Honorable Court allows Plaintiffs leave to file the proposed Second Amended Complaint, Defendants Motion to Dismiss Plaintiffs' First Amended Complaint will be rendered moot. Plaintiffs accordingly request that this Honorable Court entertain this Motion for Leave to File the proposed Second Amended Complaint before addressing Defendants' Motion to Dismiss.

**C. Plaintiffs' Amended Complaint is sufficient to survive Rule 12(b)(6) scrutiny.**

Dismissal under Rule 12 is "merely a decision on the pleadings. For that reason, such motions are granted sparingly and with caution." *See Hospital Bldg. Co. v. Trustees of Rex*

*Hosp.*, 511 F.2d 678, 680 (4th Cir. 1975) *rev'd* on other grounds, 425 U.S. 738, 96 S. Ct. 1848, 48 L. Ed. 2d 338 (U.S.N.C. 1976). "Dismissal under Rule 12(b)(6) is appropriate only if a plaintiff fails to state a claim that is plausible on its face." *Owens v. Baltimore City State's Attorney's Office*, 767 F. 3d 379, 396 (4th Cir. 2014).

In ruling on a 12(b)(6) motion to dismiss, this Court must "accept the well-plead allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff ." *Ibarra v. United States*, 120 F. 3d 472, 474 (4th Cir. 1997). Consequently, a motion to dismiss may be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 450-46 (1957); *See also Flood v. New Hanover County*, 125 F. 3d 249, 251 (4th Cir. 1997) (citing *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F. 3d 213, 217-18 (4th Cir. 1994)) ("to dismiss a complaint pursuant to Rule 12(b)(6), the court must consider the well-pleaded material allegations in the light most favorable to the Plaintiff and accept those factual allegations as true.") Furthermore, the court must "disregard the contrary allegations of the opposing party." *Gillespie v. Dimension Health Corp.*, 396 F. Supp 2d 636, 640 (D. Md. 2005)

As stated above, a motion to dismiss for failure to state a claim for relief should not be granted if the complaint is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has 'facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678. Thus, it is incumbent on the defendants to prove that plaintiff's complaint does not allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 681;

*See also Bing v. General Motors Acceptance Corp.*, 237 F. Supp. 911, 912 (E.S.S.C. 1965) (quoting *Conley v. Gibson*, 355 U.S. 41, 45 (1957)) ("A complaint should not be dismissed…unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")  By rule, in order to maintain the motion as a motion to dismiss, the defendant must prove these elements without presenting evidence extrinsic to the plaintiff's complaint. Fed. R. Civ. Pro. 12(d). Extrinsic evidence is not germaine to the Court's analysis because "[t]he issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 524 U.S. 506, 511 (2002).

In the instant case, Plaintiffs' Amended Complaint includes adequate factual averments to support a plausible claim that Decedent Spencer McCain was shot by the three on duty Baltimore County Police Department officers who have been named as defendants. The Amended Complaint further includes factual averments to support plausible claims that the Decedent Spencer McCain was unarmed, was no resisting arrest and posed no threat of harm to the officers or any third part when the shooting was commenced. The included factual averments are sufficient to support the claims under Section 1983 and the Maryland Declaration of Right, as well as, the Wrongful Death and Survival actions. Dismissal is therefore improper.

*Monell* liability arises when such "constitutionally offensive acts of [municipal] employees are taken in furtherance of some municipal 'policy or custom." *Milligan v. City of Newport* News, 743 F.2d 227, 229 (4th Cir. 1984) "[L]ocal governments… may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Monell v. Department of Social Services of the City of New* York, 436 U.S. 658, 690-91, 98 S.Ct. 2018

(1978). The Supreme Court of the United States has also indicated that Plaintiffs' *Monell* or municipal liability claim is not subject to a "heightened pleading standard. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160 (!993) Plaintiffs alleging a *Monell* claim must only provide "a short plain statement of the claim showing that [they are] entitled to relief." Federal Rule 8(a). By way of the Amended Complaint, Plaintiffs have adequately plead a plausible claim concerning the existence of a custom or policy resulting in the death of Spencer McCain.

### III.     Conclusion

For the above stated reasons, Plaintiffs respectfully request that this Honorable Court deny Defendants' Motion to Dismiss and grant such further and additional relief as it deems to be just and appropriate.

Respectfully submitted,

IAMELE & IAMELE, LLP

/s/
Anton L. Iamele, Fed Bar No. 14845
201 North Charles Street, Suite 400
Baltimore, Maryland 21201
aiamele@iamelelaw.com
Telephone: 410-779-6160
Facsimile: 410-779-6161
*Counsel for Plaintiffs*

### HEARING REQUEST

Plaintiff request that a hearing be held concerning Defendant's Motion to Dismiss and Plaintiffs Opposition to the same.

/s/
Anton L. Iamele

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this **7th** day of **December, 2020**, a copy of the foregoing Opposition to Motion to Dismiss was sent by this Court's electronic delivery system to the following:

Alexa Ackerman, Assistant County Attorney
Andrea D. Smith, Assistant County Attorney
Baltimore County Office of Law
400 Washington Avenue, Suite 219
Towson, MD 21204

/s/
Anton L. Iamele