IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| SHANNON SULTON, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. SAG-18-2864 |
| BALTIMORE COUNTY, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiffs The Estate of Spencer McCain ("Estate"), Shannon Sulton ("Sulton") as mother and next friend of three minor children of the decedent, and Sheila Smith ("Smith") (collectively "Plaintiffs") filed this lawsuit against Baltimore County, Maryland ("the County") and three officers with the Baltimore County Police Department ("the Officer Defendants") (collectively "Defendants"). Currently pending are two motions: Defendants' Motion to Dismiss the Amended Complaint for Failure to State a Claim, ECF 43, and Plaintiffs' Motion for Leave to File a Second Amended Complaint, ECF 44. I have reviewed the motions, along with the oppositions and replies thereto. ECF 45, 46, 47, 49, 50. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, the motion for leave to amend will be granted, and the motion to dismiss will be denied as moot, without prejudice.

I.   **FACTUAL BACKGROUND**

The lawsuit arises from the use of lethal force by the Officer Defendants on June 25, 2015, resulting in the death of Spencer McCain ("McCain"). As this Court has summarized in a prior opinion, ECF 37, Plaintiffs' original attorney filed the action in 2018, but then essentially ceased practicing law without notice to this Court or his clients. After significant time had elapsed,

1

Plaintiffs' present counsel became involved in the action and filed an Amended Complaint, retaining the same causes of action but amplifying the facts alleged. ECF 39. The proposed Second Amended Complaint, again, asserts the same causes of action, but contains additional factual explication. ECF 44-1.

## II. LEGAL STANDARD

Logically, this Court first turns to the motion for leave to amend. Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

## III. ANALYSIS

Defendants make three arguments in opposition to amendment: (1) that Plaintiffs failed to seek consent to the filing of the Second Amended Complaint, as required by this Court's Local Rule 103.6(d); (2) that the proposed amendment is futile and fails to state a claim for relief; and (3) that the County Defendants would be prejudiced by amendment as a result of further delay in this case. ECF 47. Each argument will be addressed in turn.

Initially, Defendants' rule-based argument is technically correct, yet ultimately unpersuasive. Plaintiffs' counsel acknowledges that he failed to attempt to obtain consent, has explained the personal reasons underlying that failure, has apologized to opposing counsel and the Court, and has subsequently sought consent, which was denied. ECF 50 at 2-4. Under those circumstances, this Court will not deny amendment on the basis of the Local Rules violation. Both parties' counsel are reminded that strict adherence to the Local Rules is expected as this case proceeds.

Defendants' next contention is that amendment would be futile. ECF 47 at 4-7. As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 Arthur R. Miller, et al., *Federal Practice and Procedure* § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

This review for futility "does not involve 'an evaluation of the underlying merits of the case.'" *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013)). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (alterations in original) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980)). Recently, this Court discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

3

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

Thus, it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion. *See, e.g.*, *Wilson*, 525 F.3d at 376-79 (upholding a district court's denial of leave to amend False Claims Act claims because the plaintiffs' amendments attempted "to shoehorn what might have been an ordinary FCA claim — and what really is a breach of contract suit — into some sort of fraudulent inducement action" and explaining "[t]his [the plaintiffs] simply cannot do"); *Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995) (affirming the trial court's denial of leave to amend after the trial court dismissed the complaint under Rule 12(b)(6) based on the United States' sovereign immunity, since the proposed amendments would have also been dismissed under Rule 12(b)(6) on sovereign immunity grounds). As this Court has also suggested, leave to amend may be denied if proposed amendments are mere "[t]hreadbare recitals of the elements of a cause of action" that are clearly insufficient to plead a cause of action under Federal Rule of Civil Procedure 8(a)(2). *See Kolb*, 21 F. Supp. 3d at 522 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).

That being said, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, and would run contrary to the

4

Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729.

Without pre-judging the merits of Defendants' various arguments for dismissal, the proposed Second Amended Complaint is not "clearly insufficient or frivolous on its face." Because the standard applied to assess whether a claim is futile is more forgiving than that employed in evaluating a Rule 12(b)(6) motion to dismiss, this Court is not inclined to apply the Rule 12(b)(6) standard at this stage, particularly because Defendants' Rule 12(b)(6) motion was filed to address a prior iteration of the complaint, and because Plaintiffs' opposition focused on the existence of their pending motion seeking leave to amend. The issues presented, including standing, constitutional injury, and immunity, will be best addressed with both parties engaging in unfettered consideration of the specific facts alleged in the Second Amended Complaint. Though this procedure is somewhat lacking in efficiency, in this Court's view, the cleanest record will be produced by permitting Plaintiffs' Second Amended Complaint to be filed, and then asking Defendants re-file their arguments in favor of dismissal for this Court's substantive consideration under the Rule 12(b)(6) standard.

Defendants' final argument is that they will be prejudiced by this amendment, in light of the years that have elapsed since the incident underlying Plaintiffs' claims and the filing of the original Complaint. While there has unarguably been extensive delay associated with this litigation, most of the delay is attributable to the actions of prior counsel. Defendants have not identified any specific prejudice that will result from the relatively minor additional delay caused by the Second Amended Complaint, other than the minor inconvenience of having to refile certain arguments. Accordingly, this Court is not persuaded that prejudice is a reason to deny leave to amend.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiffs' Motion seeking Leave to Amend, ECF 44, will be GRANTED, permitting their Second Amended Complaint to be filed.  Defendants can then respond to the Second Amended Complaint, presumably by amending and re-filing many of the arguments incorporated in their pending Motion to Dismiss.  The Motion to Dismiss, ECF 43, will therefore be DENIED AS MOOT, without prejudice.  A separate Order follows.


Dated:  January 11, 2021                                     /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge